## PATRICK HELAND *vs.* CITY OF LOWELL.

No action lies against a city which is bound to keep a bridge in repair, to recover damages sustained by reason of a defect therein, by an inhabitant of the city who, at the time of receiving the injury complained of, was driving across the same at a rate faster than a walk, in violation of a city ordinance, although he did not know of the existence of the ordinance.

TORT by an inhabitant of the city of Lowell against that city, to recover damages sustained by reason of a defective bridge, which they were bound to keep in repair.

At the trial in the superior court, before *Putnam*, J., the plaintiff introduced evidence tending to prove that while driving over the bridge at a rate no faster than a walk, his horse stepped into a hole in the floor and fell, whereby the plaintiff was thrown forward and injured. The defendants then introduced evidence tending to show that, at the time of receiving the injury, the plaintiff was intoxicated and was driving over the bridge at a rate faster than a walk, in violation of a city ordinance relating to travel thereon. To rebut the evidence of intoxication, the plaintiff offered evidence of his general character at that time as a sober and temperate man ; but the judge rejected the evidence, and ruled that if the plaintiff, at the time of receiving the injury, was driving at a rate faster than a walk, in violation of the city ordinance, he could not recover, although he was using due care in other respects.

The jury returned a verdict for the defendants, and the plaintiff alleged exceptions.

*W. P. Webster*, for the plaintiff.

*A. R. Brown*, for the defendants.

Metcalf, J.   The jury were rightly instructed that if the plaintiff, when the accident happened, was driving his horse across the bridge at a rate faster than a walk, he was not entitled to recover.   A by-law or ordinance, which a corporation is authorized to make, is as binding on its members and all other persons, as any statute or other law of the Commonwealth. *Commonwealth* v. *Worcester*, 3 Pick. 462.   *Vandine's case*, 6 Pick. 187.   Angell & Ames on Corp. (7th ed.) § 325.   Grant on Corp. 77.   And the plaintiff does not deny the authority of the defendants to make the ordinance in question.   But he denies that he was bound by it, unless he had knowledge of its existence; which knowledge the case does not show that he had. This position cannot be maintained.   The plaintiff was bound to take notice of the ordinance — especially as it appears by his writ that he was an inhabitant of Lowell; and if he had been sued for the penalty for violating it, it would not have been necessary to allege notice in the declaration.   Grant, *ubi supra. Pierce* v. *Bartrum*, Cowp. 270.   *James* v. *Tutney*, Cro. Car. 498. *Master, &c. of Butchers' Co.* v. *Bullock*, 3 Bos. & Pul. 442.

It was said by the court, in *Worcester* v. *Essex Merrimack Bridge Corp.* 7 Gray, 459, that if the plaintiff in that case was, at the time of the accident, violating a public statute, or a by-law of which he had actual or constructive notice, he could not recover damages for the accident.   And it is the established law, that when a plaintiff's own unlawful act concurs in causing the damage that he complains of, he cannot recover compensation for such damage.   *Bosworth* v. *Inhabitants of Swansey*, 10 Met. 363.   The question, therefore, whether the plaintiff was or was not intoxicated, when driving across the bridge, was immaterial; and so the judge treated it in his instruction to the jury.   But if it had been material, the evidence which was offered, that his general character was that of a temperate and sober man, would have been inadmissible.   *Commonwealth* v *Worcester*, 3 Pick. 462.   *Tenney* v. *Tuttle*, 1 Allen, 185.

*Exceptions overruled.*